UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SANDRA NATASHA ST. JOHN, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 1:24-cv-10646-IT |
| | * | |
| ANDREA JOY CAMPBELL, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM & ORDER

March 12, 2025

TALWANI, D.J.

Pending before this court is Respondent Andrea Joy Campbell's Motion to Dismiss [Doc. No. 10] Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1]. Because Petitioner was not "in custody" at the time she filed the habeas corpus petition, Respondent's Motion to Dismiss [Doc. No. 10] is GRANTED.[1]

I. **Background**

Petitioner alleges the following, which the court accepts as true for purposes of the pending motion:

On September 27, 2010, following a bench trial, Petitioner was convicted in the Hampden County Superior Court of burglary, mayhem, assault and battery by means of a dangerous weapon on a child, and two counts of reckless endangerment of a child. See Pet. for Writ of Habeas Corpus ¶ 16 [Doc. No. 1]. Petitioner's sentence was for not more than 11 years and not less than 10 years on the burglary and mayhem charges, and not more than 5 years and

---

[1] The court does not reach Respondent's additional argument that the Petition is untimely.

not less than 3 years thereafter on the assault and battery charge, and 2½ year-concurrent sentences on the reckless endangerment charges. See id.; see also Commonwealth of Massachusetts Hampden County Public Docket Report (Pet. Exh. 6) at 8 [Doc. No. 1-3]. The Massachusetts Court of Appeals affirmed the convictions on June 15, 2012, and the Supreme Judicial Court subsequently declined to review the decision. See Pet. for Writ of Habeas Corpus ¶¶ 18, 19 [Doc. No. 1].

On November 18, 2013, while Petitioner was serving her sentence, an Immigration Judge ordered Petitioner removed to Trinidad and Tobago, Petitioner's native country, as a result of the convictions. Id. ¶ 21. The legal effect of this order was to revoke her U.S. lawful permanent resident status that she had held since 1990. Id.

Near the completion of her state sentence, Petitioner contacted private immigration counsel, who discovered there was compelling evidence that Petitioner was actually innocent of the crimes. Id. ¶¶ 23-24. On September 13, 2021, Petitioner filed a motion for a new trial based on the newly discovered evidence. Id. ¶ 25.

On December 31, 2021, while the new trial motion was pending, Petitioner was released from custody to immigration officials. See Opp. to MTD at 19 [Doc. No. 13]. On October 25, 2022, the Hampden County Superior Court denied the motion for a new trial. See Hampden County Superior Court Memorandum of Decision and Order on Defendant's Motion for New Trial (Pet. Exh. 20) at 9 [Doc. No. 1-4]. Petitioner then appealed the denial of the motion for a new trial to the Massachusetts Court of Appeals, and on November 16, 2023, that court affirmed the denial. See Pet. for Writ of Habeas Corpus ¶ 32 [Doc. No. 1]. On December 4, 2023, Petitioner filed a request with the Massachusetts Supreme Judicial Court for further appellate review. Id. ¶ 33.

On January 4, 2024, Petitioner was removed to the Republic of Trinidad and Tobago, and because at least some of her convictions constituted aggravated felonies under 8 U.S.C. § 1182(a)(2)(A), this rendered Petitioner "inadmissible" and permanently barred from ever re-entering the United States. Id. ¶ 34. Petitioner also was ineligible for a waiver of inadmissibility under 8 U.S.C. § 1182(h). Id.

On January 12, 2024, the Massachusetts Supreme Judicial Court denied Petitioner's request for further appellate review. Id. ¶ 33.

On March 15, 2024, Petitioner filed the present petition for writ of habeas corpus.[2] Petitioner seeks an order directing the Respondent to show cause why this court should not grant the petition and asks this court to issue a writ of habeas corpus ordering a new trial. Id. at 15. Related to these requests, Petitioner submits four claims for relief:

In Claim One, Petitioner requests "adjudication of the claim in the State court proceedings regarding whether the Petitioner was denied the effective assistance of counsel, was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." Id. ¶ 35.

In Claim Two, Petitioner requests determining whether "adjudication of the claim in the State court proceedings regarding the admissibility of the third-party culprit evidence, was

---

[2] Paragraph 1 of the Petition [Doc. No. 1] states that this court has jurisdiction "under 28 U.S.C. § 1331 and § 2241 *et seq*," leaving ambiguous whether the Petitioner intends to bring this action under 28 U.S.C. §§ 2241 or 2254. 28 U.S.C. § 2241 is the vehicle for addressing "claims going to 'the execution of' a sentence," see Evans v. Wall, 2017 WL 11621971, at *1 (1st Cir. 2017) (quoting Francis v. Maloney, 798 F.3d 33, 36 (1st Cir. 2015)), which is not at issue here. In contrast, 28 U.S.C. § 2254 is the vehicle for challenging "the judgment of a State court . . . on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." Petitioner docketed this action as a "28:2254 Petition for Writ of Habeas Corpus," and accordingly, this court understands the petition to be brought pursuant to 28 U.S.C. § 2254.

contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." Id. ¶ 36.

In Claim Three, Petitioner requests determining whether "adjudication of the claim in the State court proceedings resulted in a decision that was based on an unreasonable determination regarding when the graffito was written, and thus, the identity of the perpetrator of the assault, in light of the evidence presented in the State court proceeding." Id. ¶ 37.

In Claim Four, Petitioner requests determining whether "adjudication of the claim in the State court proceedings resulted in a decision that was based on an unreasonable determination that the victim didn't lock her double-cylinder deadbolt on the night of the assault, and thus, the identity of the perpetrator of the assault, in light of the evidence presented in the State court proceeding." Id. ¶ 38.

## II.     Discussion

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Custody is determined from the date that a habeas petition is first filed." Tinder v. Paula, 725 F.2d 801, 803 (1st Cir. 1984). While "custody" does not "require incarceration or other actual, physical restraint of a person . . . [t]he provision does require . . . some type of continuing governmental supervision over the person." Id.; Spencer v. Kemna, 523 U.S. 1, 7 (1998) (incarceration by reason of parole revocation at the time petition was filed was sufficient to satisfy the "in custody" requirement).

"A habeas petition will become moot once the prisoner is released from custody unless the petitioner can show some sufficient collateral consequence of the underlying proceeding,"

Leitao v. Reno, 311 F.3d 453, 455 (1st Cir. 2002), as the case "no longer present[s] a case or controversy under Article III, § 2, of the Constitution," Spencer, 523 U.S. at 7.

Petitioner has failed to satisfy the "in custody" jurisdictional requirement of the general habeas corpus statute because she had already been deported at the time that her petition was filed.[3] Petitioner cites Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 213 (1953), in her argument that she satisfies the "in custody" requirement by virtue of being denied entry into the United States. See Opp. to MTD at 16 [Doc. No. 13]. But Shaughnessy does not stand for such a broad proposition. In that case, the Court entertained a habeas petition by an individual "permanently excluded from the United States on security grounds but stranded in his temporary haven on Ellis Island because other countries [would] not take him back." 345 U.S. at 207. Petitioner in that case was effectively detained indefinitely on Ellis Island, thus remaining under continuing government supervision.

Other cases Petitioner cites to support her claim that she is "in custody" are also inapposite. In Devitri v. Cronen, petitioners were found to be in custody where they were subject both to final Orders of Removal and Orders of Supervision and were challenging the legality of their non-detention custody. 290 F.Supp.3d 86, 90 (D. Mass. 2017).[4] And in Rombot v. Moniz,

---

[3] Accordingly, the court need not address whether the petition was moot or whether Petitioner has alleged sufficient collateral consequences such that the case presents a live case or controversy.

[4] The Orders of Supervision "allowed the participants to seek employment and also prescribed conditions with which the recipients had to comply, including appear[ing] in person at the time and place specified, upon each and every request of [ICE] for identification and for deportation or removal . . . informing ICE before traveling outside New England, and submitting to medical or psychiatric examinations at ICE's request." See Devitri, 290 F. Supp. 3d at 89 (internal quotations omitted).

5

Petitioner was detained in the Bristol County House of Corrections at the time of filing his petition. See 299 F.Supp.3d 215, 218 (D. Mass. 2017).

Petitioner next argues that even if she is not "in custody" as required by the statute, the Supreme Court has recognized exceptions to the requirement for: (1) claims of actual innocence based on newly discovered evidence; (2) where no channel of review was previously available; and (3) where there were impediments to timely review created by governmental action. See Opp. to MTD at 17-19 [Doc. No. 13]. But the binding cases on which Petitioner relies for this argument, Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001) and Daniels v. United States, 532 U.S. 374 (2001), suggested such exceptions only with respect to challenges to prior convictions used for subsequent sentence enhancements, and not as a substitute for the "in custody" requirement as Petitioner argues for here.

In Lackawanna, petitioner was convicted in state court in 1986, served his full sentences, and then was convicted again in 1990, again in state court. See 532 U.S. at 397-98. The court sentencing him for his 1990 conviction applied a sentence enhancement for petitioner's 1986 conviction. See id. While incarcerated for his 1990 conviction, petitioner filed a habeas petition, which the court construed as asserting a challenge to his 1990 sentence, as enhanced by his allegedly invalid 1986 conviction. The court concluded that petitioner satisfied the "in custody" requirement based on his incarceration for his 1990 conviction. See id. at 401-02.

The question before the Lackawanna Court was whether petitioner could challenge the 1986 conviction in his attack on the 1990 conviction, even though petitioner was no longer "in custody" pursuant to the 1986 conviction. The Court held that a petitioner in that circumstance "generally may not challenge the enhanced sentence . . . on the ground that the prior conviction was unconstitutionally obtained," but also suggested exceptions to that general rule, including

where the prior court did not appoint counsel, where a state court refused, without justification, to rule on a constitutional claim presented to it, or where a petitioner obtains compelling evidence of actual innocence that he could not have uncovered "in a timely manner." See id. at 404-06. Underscoring the limited circumstances under which these exceptions applied, the Court stated that "[w]hatever such a petitioner must show to be eligible for review, the challenged prior conviction must have adversely affected the sentence that is the subject of the habeas petition." Id. at 406 (emphasis added). Daniels similarly dealt with a prior conviction used for sentence enhancement. See 532 U.S. 374, 376 (2001).

Petitioner cites no case suggesting that these exceptions apply to the present circumstance, in which Petitioner is no longer "in custody" for any conviction. Therefore, Petitioner's appeal to these exceptions is unavailing, and her petition is denied for failure to satisfy the "in custody" requirement.

### III.     Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss [Doc. No. 10] is GRANTED.

IT IS SO ORDERED.

March 12, 2025                              /s/ Indira Talwani
                                            United States District Judge